UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-74-GWU

KAREN M. HOWARD, PLAINTIFF,

VS. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

  The plaintiff has filed a Motion to Remand based on new evidence, and in the alternative, a motion for a new briefing schedule. The new evidence partially consists of a June 13, 2003 letter from her family physician, Dr. Laura S. Young, stating that the plaintiff has constant low back pain due to lumbar disc disease and cannot sit, stoop, or bend without pain. The physician opines that the plaintiff "is unable to be gainfully employed at this time." Docket Entry No. 10-2. The remainder of the new evidence concerns treatment the plaintiff received following the March 24, 2006 decision by the Administrative Law Judge (ALJ). Some of the new evidence concerns treatment as late as 2008.

  In order to obtain a remand to the Commissioner for consideration of additional evidence, 42 U.S.C. § 405(g) requires that both that the new evidence be material and a showing of good cause for failing to submit it earlier. <u>Cline v. Commissioner of Social Security</u>, 96 F.2d 146, 149 (6th Cir. 1996). The letter from

1

08-74  Karen M. Howard

Dr. Young is of questionable materiality for several reasons.  First, it represents a vocational conclusion outside a physician's area of expertise.  Second, the evidence before the ALJ already included residual functional capacity assessments by Dr. Young which limited the plaintiff to less than full-time sitting and standing/walking (Tr. 280-4), but these assessments were rejected by the ALJ because they predated the plaintiff's alleged onset date of September 25, 2003 (Tr. 23).  For these reasons, it appears unlikely that Dr. Young's June 13, 2003 letter, which also predated the alleged onset date,  would have changed the outcome.  Moreover, the plaintiff has not even suggested good cause for failing to submit the evidence to the ALJ.

The remainder of the evidence could not have been submitted to the ALJ, since it was not in existence at the time of his decision.  However, it does not contain specific limitations which "relate back" to the period under consideration by the ALJ.  Evidence of a subsequent deterioration or change of condition after the final administrative decision is immaterial, however.  See Wyatt v. Secretary of Health and Human Services, 974 F.2d 680, 685 (6th Cir. 1992).  If the plaintiff's condition has worsened since the ALJ's decision, the plaintiff's proper course is to file a new application for benefits.

Accordingly,

IT IS HEREBY ORDERED that:

(1)     the plaintiff's Motion to Remand is DENIED;

08-74 Karen M. Howard

(2)  the plaintiff's Motion for a Rescheduling Order is GRANTED; the plaintiff shall have up to and including February 17, 2009 to submit her Motion for Summary Judgment with supporting memorandum, and the defendant shall have up to and including March 17, 2009 to file his Motion for Summary Judgment and supporting memorandum; and

(3)  the Clerk shall resubmit the record on cross-motions for summary judgment.

This the 16th day of January, 2009.

Signed By:
*G. Wix Unthank*
United States Senior Judge