UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-74-GWU

KAREN M. HOWARD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

08-74  Karen M. Howard

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

08-74 Karen M. Howard

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

08-74  Karen M. Howard

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

08-74  Karen M. Howard

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

08-74 Karen M. Howard

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Karen M. Howard, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease of the lumbar spine, asthma, an adjustment disorder with depressed mood, and borderline intellectual functioning. (Tr. 19). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Howard retained the residual functional capacity prior to her 55th birthday to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. Subsequent to her 55th birthday, the ALJ applied the Commissioner's Medical-Vocational Guidelines (the "grids") to determine that she was "disabled." The Appeals Council declined to review, and the plaintiff appeals the unfavorable portion of the administrative decision.

Following the administrative hearing, the ALJ submitted interrogatories to the VE asking whether a person of the plaintiff's age, education, and work experience

08-74  Karen M. Howard

could perform any jobs if she were limited to "light" level exertion, with standing and walking limited to four hours per day (no more than two hours without interruption) and sitting four hours per day (no more than two hours without interruption), and also had the following non-exertional limitations.  She: (1) could never crouch or climb ladders, ropes, or scaffolds; (2) could occasionally climb ramps and stairs, balance, stoop, kneel, and crawl; (3) had a mildly limited ability to reach overhead; (4) needed to avoid exposure to heights, chemicals, dust, fumes, and vibration; and (5) had a "limited but satisfactory" ability to follow work rules, deal with work stress, maintain attention and concentration, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability. (Tr. 151).  The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 151-2).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

An important issue in the present appeal is that the plaintiff had filed a prior application for benefits, which was denied in a decision by an Administrative Law Judge on September 24, 2003.  (Tr. 39-47).  This decision was administratively final and the current ALJ did not reopen the prior decision.  Moreover, the plaintiff asserted an onset date of September 25, 2003 in her current application.

None of the medical evidence from September 25, 2003 through the date of the plaintiff's 55th birthday establishes functional limitations greater than determined by the ALJ. Dr. Christopher M. Wright conducted a consultative examination of Mrs. Howard on January 15, 2004, reviewed some previous records, and obtained an x-ray of the lumbosacral spine showing slight scoliosis and some degree of spinal stenosis, but her physical examination was normal, and Dr. Wright did not indicate that there would be any functional restrictions. (Tr. 446-9). State agency reviewing physicians and psychologists early in 2004 found fewer limitations than the ALJ. (Tr. 453-8, 460, 494-500, 501). The ALJ followed the restrictions of examining psychologist Stuart Cooke and examining physician Stephen Nutter. (Tr. 555-7, 564-6).

The plaintiff's argument on appeal is that the ALJ committed reversible error by not giving good reasons for rejecting more restrictive functional assessments given by Dr. James Templin in September, 2000 (Tr. 276-9) and by Dr. Laura Young, the plaintiff's treating family physician, in July, 2001 (Tr. 281-3) and June, 2003. The plaintiff correctly points out that following the Sixth Circuit's decision in Wilson v. Commissioner of Social Security, 378 F.2d 541 (6th Cir. 2004) it is a procedural requirement for an ALJ to give good reasons for rejecting the opinion of a treating source. Id. at 544-5.

08-74 Karen M. Howard

First, however, it is evident from Dr. Templin's report that he was a one-time examiner. (Tr. 273-5). The rationale for the Wilson rule is to ensure that the plaintiff and any subsequent adjudicator understand the basis for the rejection of a treating physician's opinion. Id. at 544. This procedural safeguard does not apply to the opinion of a one-time examiner such as Dr. Templin. In any case, although Dr. Young clearly was a treating source, the plaintiff is mistaken to assert that the September, 2000 and July, 2001 opinions were not even mentioned in the administrative decision. The ALJ did not give the physicians' names, but he described their opinions by dates, and stated that he afforded them little weight because they had been provided over two years prior to the time period currently under adjudication. (Tr. 23). The plaintiff does not suggest that this is an insufficient rationale. The court notes in addition that both of the reports were considered in the prior, final decision, making than even less persuasive as a basis for remanding the case to reconsider the current period. (Tr. 43-4).

The plaintiff also submits a letter from Dr. Young dated June 13, 2003 which was not before the current ALJ. Docket Entry No. 12-3. The letter merely states that Mrs. Howard had been diagnosed with lumbar disc disease and degenerative arthritis, suffered from constant low back pain and could not sit, stoop, or bend without pain, and was "unable to be gainfully employed at this time." The court previously determined that his evidence did not warrant a remand under Sentence

08-74 Karen M. Howard

Six of 42 U.S.C. § 405(g). Docket Entry No. 11. The court has considered the issue afresh, but does not see a basis to alter its previous holding, the rationale of which is herein incorporated by reference.

The decision will be affirmed.

This the 12th day of May, 2009.

Signed By:
G. Wix Unthank
United States Senior Judge